RANDY S. GROSSMAN
United States Attorney
ALEXANDER KRISTOFCAK
Assistant United States Attorney
California Bar No. 347704
880 Front Street, Room 6293
San Diego, CA 92101
Telephone: (619)546-9741
alexander.kristofcak@usdoj.gov

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CHRISTOPHER LEYVA,<br><br>Defendant. | Case No.: 22-CR-2319-CAB<br><br>**UNITED STATES' SENTENCING MEMORANDUM**<br><br>Judge: Hon. Cathy Ann Bencivengo<br>Date:  February 10, 2023<br>Time:  9:00 a.m. |

While transporting two undocumented aliens on an Interstate, Defendant failed to yield to a Border Patrol vehicle that had activated its emergency lights and sirens for two miles, then slowed down and ordered the aliens to get out of the vehicle on the shoulder of the freeway, and then continued his flight from law enforcement for another 1.5 miles before finally stopping after getting stuck behind traffic. This occurred while Defendant was on supervised release, following a conviction in this Court for transportation of aliens on December 3, 2021. Eighteen months in custody, followed by three years of supervised release, is a sufficient, but not greater than necessary, sentence.

The United States files this Sentencing Memorandum to supplement the record and to explain why the "substantial risk" enhancement pursuant to U.S.S.G. § 2L1.1(b)(6) is appropriate.

**STATEMENENT OF FACTS**

The United States incorporates by reference the facts set forth in the Pre-Sentence Report ("PSR"), ECF No. 32. Additional facts are drawn from the Report of Investigation ("ROI") provided in Appendix A filed under seal.

On September 13, 2022, Border Patrol agents spotted Defendant traveling on Interstate 8. PSR ¶ 9. Based information gathered by Border Patrol previously and the observation of Defendant's vehicle, Border Patrol Agent Garcia believed Defendant was engaged in alien smuggling. ROI at 3. Agent Garcia positioned his vehicle behind Defendant and activated his emergency lights and siren to initiate a vehicle stop. *Id.* Defendant failed to yield to the lights and siren, continued driving, and eventually merged to the shoulder. *Id.* After approximately two miles, two individuals—later confirmed to be undocumented aliens—"bailed out" of the vehicle. *Id.*[1] Defendant then continued to flee for another 1.5 miles. ROI at 4. Eventually, Defendant became stuck behind two semi-trucks in each lane and finally pulled into the freeway median and stopped. *Id.* Border Patrol Agent Amparan approached the vehicle and gave Defendant multiple commands to exit the vehicle, which Defendant initially ignored. *Id.* Only after another Border Patrol Agent approached to provide backup did Defendant surrender. *Id.*

On November 10, 2022, Defendant pleaded guilty to transportation of undocumented aliens in violation of 8 U.S.C. § 1324(a)(i)(A)(ii). ECF No. 28.

**DISCUSSION**

The Government recommends a 4-point sentencing enhancement for "substantial risk of death or serious bodily injury" under U.S.S.G. § 2L1.1(b)(6). This enhancement should be applied in lieu of the adjustment for Reckless Endangerment During Flight under U.S.S.G. § 3C1.2 recommended by Defendant and Probation.

---

[1] During a post-arrest interview, one of the undocumented aliens stated that Defendant "slowed the vehicle down" and instructed the aliens to run. ROI at 6.

### I. The Government recommends a 4-point[2] Substantial Risk sentencing enhancement pursuant to U.S.S.G. § 2L1.1(b)(6)

The United States Sentencing Guidelines (U.S.S.G.) § 2L1.1(b)(6) instruct the sentencing court as follows: "If the offense involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person, increase [the offense level] by 2 levels, but if the resulting offense level is less than level 18, increase to level 18." An offense qualifies for such an enhancement if it meets the criteria set forth in Note 5 of the Application Notes to the Guidelines, which states, in pertinent part:

> Reckless conduct to which the adjustment from subsection (b)(6) applies includes a wide variety of conduct (e.g., transporting persons in the trunk or engine compartment of a motor vehicle; carrying substantially more passengers than the rated capacity of a motor vehicle or vessel; harboring persons in a crowded, dangerous, or inhumane condition; or guiding persons through, or abandoning persons in, a dangerous or remote geographic area without adequate food, water, clothing, or protection from the elements).

U.S.S.G. § 2L1.1, cmt. n.3. The note also makes clear that subsection (b)(6) can "appl[y] *solely* on the basis of conduct related to fleeing from a law enforcement officer." *Id.* (emphasis added).

"Because the Application Note is not inconsistent with or a plainly erroneous reading of § 2L1.1(b)(6), [courts] defer to its reasoning." *United States v. Bernardo*, 818 F.3d 983, 986 (9th Cir. 2016). As there is a baseline risk inherent in all vehicular travel, courts are instructed to "focus on the ways in which the method of transporting the alien increased the risk of death or injury beyond that faced by a normal passenger." *United States v. Torres-Flores*, 502 F.3d 885, 889 (9th Cir. 2007).

The Guidelines define "serious bodily injury" as "injury involving extreme physical pain or the protracted impairment of a function of a bodily member, organ, or

---

[2] Because the government is recommending a 2-point enhancement under § 2L1.1(b)(3)(A), the enhancement under § 2L1.1(b)(6) only adds 4 points, for a total of 18 points.

mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation." U.S.S.G. § 1B1.1, cmt. n.1(M).

In this case, the Government is recommending the enhancement under § 2L1.1(b)(6) because: (1) Defendant failed to yield to Border Patrol officers on an Interstate freeway for several miles after the agents activated emergency lights and sirens; and (2) Defendant ordered the undocumented aliens to exit the moving vehicle on the shoulder of an Interstate freeway.

With respect to the failure to yield, this conduct created a substantial risk of death or serious bodily injury due to the inherently dangerous nature of a pursuit of a suspect by law enforcement with lights and sirens on an Interstate freeway. Defendant's actions set in motion a chain of events that put everyone involved—the individuals in Defendant's vehicle, the Border Patrol agents, and everyone else on the freeway—at an elevated risk of an accident and corresponding injuries.

As to ordering the undocumented aliens to exit the vehicle, this action created a substantial risk of death or serious bodily injury because the aliens had to "bail out" of the car when it had merely "slowed . . . down" and because they had to do so on the shoulder of an Interstate freeway. ROI at 3.

Accordingly, the Government recommends that the Court apply the sentencing enhancement under U.S.S.G. § 2L1.1(b)(6).

**II.    The Court should apply the Substantial Risk enhancement pursuant to § 2L1.1(b)(6) in lieu of the Reckless Endangerment During Flight adjustment pursuant to § 3C1.2**

Defendant and Probation recommend that the Court apply the Reckless Endangerment During Flight adjustment pursuant to § 3C1.2. The Government submits that the Court should instead apply the enhancement pursuant to § 2L1.1(b)(6).

Pursuant to U.S.S.G. § 3C1.2, if a defendant "recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from law enforcement officer," courts are instructed to increase the offense level by 2 levels.

U.S.S.G. § 3C1.2. However, the application notes for this adjustment make clear that this adjustment should not be applied "where the offense guideline in Chapter Two, or another adjustment on Chapter Three, results in an equivalent or greater increase in offense level solely on the basis of the same conduct." *Id.*, cmt. n.1.

Probation and Defendant appears to agree that Defendant "*recklessly created a substantial risk of death or serious bodily injury to another person* in the course of fleeing from law enforcement officer" because they both recommended the adjustment under § 3C1.2. But from this concession, it also necessarily follows that "the offense involved intentionally or *recklessly creating a substantial risk of death or serious bodily injury to another person*" pursuant to § 2L1.1(b)(6) (emphasis added for comparison). After all, the only difference between the two provisions is that § 3C1.2 only applies to substantial risk created through flight, whereas § 2L1.1(b)(6) applies to other types of substantial risk of death or bodily injury that occur in offenses under § 2L1.1.[3] And in fact, the application notes for § 2L1.1(b)(6) make clear that the substantial risk enhancement under that section can apply "solely on the basis of conduct related to fleeing from a law enforcement office." U.S.S.G. § 2L1.1, cmt. n.3.

At the same time, because the enhancement under § 2L1.1(b)(6) results in a "greater increase in offense level solely on the basis of the same conduct" as the potential adjustment in § 3C1.2, the Court should not apply the latter adjustment in addition to the former enhancement. *See* U.S.S.G. § 3C1.2, cmt. n.1.

Accordingly, the Court should apply the enhancement under § 2L1.1(b)(6) and not the adjustment under § 3C1.2.

### III. Eighteen months in custody followed by three years of supervised release is sufficient, but not greater than necessary, to accomplish the goals of sentencing

---

[3] Of course, § 3C1.2 is broader in the sense that it applies to all offenses, whereas section § 2L1.1(b)(6) only applies in the narrow context of smuggling, transporting, or harboring an unlawful alien. As a result, § 3C1.2 is not redundant to § 2L1.1(b)(6).

As further detailed in the accompanying Sentencing Summary Chart, with the application of the substantial risk enhancement, the guideline sentencing range under the Government's calculation is 18 to 24 months in custody.

The Government recommends that the Court impose a sentence of 18 months in custody followed by 3 years of supervised release as that sentence would be sufficient, but not greater than necessary, pursuant to 18 U.S.C. 3553(a), particularly in light of the circumstances of the offense and the need for deterrence.

First, as explained above, the offense involved flight from law enforcement both before and after Defendant ordered the undocumented aliens to run away. Further, even after Defendant was finally forced to stop due to traffic ahead, he did not initially surrender when ordered to do so until a second Border Patrol agent provided reinforcement.

Second, an 18-month sentence is necessary to achieve specific deterrence with respect to Defendant. Defendant is in front of this Court for the second time in less than 14 months for a transportation offense under 8 U.S.C. § 1324, while still on supervision for the 2021 offense. The first time around, the Court sentenced Defendant to a sentence of time served. This time, a sentence of 18 months in custody is necessary to deter Defendant from reoffending.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court impose an 18-month custodial sentence and a term of three years on supervised release.

DATED: February 3, 2023

Respectfully submitted,

RANDY S. GROSSMAN
United States Attorney

*/s/ Alexander Kristofcak*
Alexander Kristofcak
Assistant U.S. Attorney